Gordon **DARCY**, Petitioner,

v.

**Harley O. TEETS**, Warden, San Quentin
Penitentiary, San Quentin, California, Respondent.

No. 35988.

United States District Court
N. D. California, S. D.

May 3, 1957.

David H. Glickman, San Francisco,
Cal., for petitioner.

Edmund G. Brown, Atty. Gen. of the
State of California, Clarence A. Linn,
Asst. Atty. Gen., Arlo E. Smith, Deputy
Atty. Gen., San Francisco, Cal., for respondent.

HAMLIN, District Judge.

Gordon Darcy was convicted in the
Superior Court of the State of California
in and for the County of Los Angeles in
1949 on five counts of an indictment
which charged him as follows: One count
of kidnapping with violence and four
counts of robbery and three prior felony
convictions; and he was thereupon given
indeterminate sentences in prison. Upon
appeal, his conviction on the count of
kidnapping with violence and upon two
robbery counts was affirmed; and his
conviction upon two other robbery counts
was reversed. People v. Darcy, 101 Cal.
App.2d 665, 226 P.2d 53. Thereafter,
Darcy filed a petition for a writ of habeas
corpus with the California Supreme
Court, which was denied, without opinion, upon May 17, 1951. No petition for
a writ of certiorari to review said action
was sought by Darcy from the United
States Supreme Court. Thereafter,
Darcy filed another petition for a writ of
habeas corpus with the California Supreme Court, attacking the judgment
upon the grounds (1) that illegal and
prejudicial evidence was offered and received upon the trial of the petitioner,
which deprived him of a fair and impartial trial; (2) that evidence known to be
favorable to petitioner was deliberately
suppressed by certain members of the
Los Angeles Police Department and the
prosecuting attorney, and that testimony
known to be perjured was used by the
prosecuting attorney to secure his conviction; (3) that petitioner was placed
upon trial for a capital offense without
having been committed by a magistrate to
stand trial for such a charge; and (4)
that petitioner's essential and substantial
rights were denied upon the trial in violation of both the state and federal constitutions. This petition was denied,
without opinion, by the California Supreme Court. A petition for a writ of
certiorari to review said action of the
California Supreme Court was denied by
the Supreme Court of the United States
on March 9, 1953 in Darcy v. Heinze, 345
U.S. 912, 73 S.Ct. 653, 97 L.Ed. 1347.
The petitioner is now confined in San
Quentin Prison, serving the sentences
imposed on him.

On November 19, 1956, Darcy filed in
the United States District Court for the
Northern District of California the instant petition for a writ of habeas corpus
upon the ground that petitioner's conviction and his present confinement is a re-

sult of a denial of due process of law under the Fourteenth Amendment to the United States Constitution in that the district attorney was guilty of deliberate fraud in suppressing and concealing from the Court and jury evidence which he knew to be favorable to petitioner's defense. Thus, an issue of fact which had not theretofore been determined was presented to this Court.

This Court issued an order to show cause and appointed an attorney to represent the petitioner. Various hearings were had in this court and upon application of the petitioner, the petitioner was brought from San Quentin and was present in court at the time certain testimony was taken. He, however, was not called as a witness. Various witnesses were presented in open court and affidavits of other persons were also received by the Court. After all of the evidence was received, a time was fixed for oral argument, and at that time counsel for the petitioner and for the Attorney General argued the matter orally before the Court.

During his criminal trial the petitioner took the witness stand and testified that some time prior to the holdup he and one Thwaits had been drinking in petitioner's automobile and that they were later joined by two other individuals. Soon thereafter petitioner passed out from the effects of the liquor, but he remembered that some one had suggested holding up a man in San Pedro. The petitioner testified that he awoke after his automobile had crashed into a house and in the excitement he fled, only to be captured a few minutes later in the backyard of the house. The petitioner denied having any part in the holdup and contended that it was perpetrated by his drinking companions while he was asleep in the car.

Prosecution witnesses positively identified Darcy as one of the robbers. Police officers testified that they had pursued a car which had been seen fleeing from the holdup scene. This car later crashed into a house and one man was seen emerging from the wreckage and escaping on foot, and this man, who turned out to be the petitioner, was later captured in a nearby backyard.

Petitioner contends that the district attorney deliberately suppressed the evidence of the fact that two persons had been seen leaving the automobile. Petitioner mainly relies for this contention upon an affidavit made by Detective C. J. Bright about eighteen days before petitioner's trial. This affidavit was made in the course of an application for the extradition and return to California of one Henry J. Thwaits who was charged jointly with the petitioner Darcy on the robbery and kidnapping charges.

In that affidavit for extradition was the following language:

"On the night of July 12, 1949 report was made of a robbery at the Beaumont Cafe; that immediate response was made to said call and from investigation made, it was ascertained that two persons committed the robbery while armed; that a radio car appeared at the scene and pursued two men in an automobile, which was wrecked by the driver, when two men jumped out and one of them was captured while the other escaped."

In the instant proceeding, C. J. Bright made an affidavit which was admitted in evidence and which explained the statement contained in his former affidavit. In this second affidavit Bright set out that he had no personal knowledge of the investigation of the robbery and that no one had reported to him that two men had been seen escaping from the wrecked automobile. This affidavit is set out in full in footnote below.[1]

---

1. "C. J. Bright, being first duly sworn, deposes and says:

"That he is a detective of the police department of the City of Los Angeles, State of California, and has been such detective, continuously employed, for a period of approximately twenty years;

"That on or about November 18, 1949, your affiant appeared before Roscoe Denny, a Deputy County Clerk in the Of-

At the hearing before this Court, in addition to the affidavit of C. J. Bright there is admitted into evidence (a) police reports of the police investigation after the crime; (b) a transcript of the testimony given at the trial of petitioner in Los Angeles; and (c) a tape recording of the conversation between David Glickman, counsel for petitioner, and Mary Bigler, a witness at the trial of petitioner, which conversation was had a short time before the hearing in this court. The following witnesses testified in person: Paul A. Wilber of the Los Angeles Police Department; Thomas W. Cochran, Deputy District Attorney of Los Angeles County, who was the prosecutor at petitioner's trial; and Ada Wilkins, a witness at the trial.

Mr. Cochran testified that at the time of petitioner's trial he had no knowledge of the contents of Bright's extradition affidavit and had no part in the proceedings on extradition, and at no time had ever

heard from any one that two persons were seen leaving the wrecked automobile. This Court has no reason to doubt the veracity of Mr. Cochran and on the contrary is convinced that his testimony is completely truthful and reliable. No testimony was produced at this hearing that any one saw two people leave the wrecked automobile, nor could any inference to that effect be drawn from any of the testimony produced. All the testimony in the record at the trial indicated that only one person fled from the automobile in question, and that this was the defendant who was captured nearby while he still had on him some of the loot which had been taken in the robbery.

This Court is of the opinion that absolutely no evidence of any kind was produced before this Court which would show that the prosecutor knowingly or at all produced any false evidence in petitioner's trial, or that the deputy district attorney was guilty of deliberate or any

fice of the District Attorney of Los Angeles County, and filed an affidavit to be used in the completion of extradition proceedings against Henry J. Thwaits who affiant had heard had been apprehended by agents of the Federal Bureau of Investigation who were cooperating with the California authorities in an attempt to apprehend the said Henry J. Thwaits and return him to California to stand trial for Kidnapping for the Purpose of Robbery;

"That affiant did not personally go to the scene of the alleged Kidnapping in San Pedro, California, on the night of said occurrence and affiant has no personal knowledge of the circumstances surrounding the Kidnapping, Robbery or pursuit which took place immediately thereafter, but affiant made an examination of the police reports for the purpose of preparing the affidavit of November 18, 1949 as aforesaid, and recited certain matters that were indicated by the police reports on file in the crime report and in the arrest report of the said Gordon K. Darcy; that in said affidavit affiant stated that, from investigation it was ascertained that two persons had committed the Robbery while armed with automatics; that a radio car appeared at the scene and pursued two men in an automoile which was wrecked by the driver whereupon two men jumped out of said automobile and

one was captured and the other escaped;

"That affiant has no personal knowledge of whether there was one or two men in the said automobile but the police reports indicated that one person was captured, to wit, the petitioner herein Gordon K. Darcy;

"Affiant has, since the filing of said affidavit learned, for the first time upon talking with the Deputy District Attorney who prosecuted the said Gordon K. Darcy, that the pursuing officers at no time saw more than one person in the automobile which they were pursuing and which was later wrecked and at the time of ascertaining this fact from the Deputy District Attorney affiant was informed for the first time that the said Gordon K. Darcy had contended at the time of his trial that he was in the automobile but that another person was driving;

"That at the time of preparing said affidavit on November 18, 1949, affiant was not attempting to set forth accurately the facts of the Robbery and subsequent chase but the purpose of said affidavit was to show that the said Henry J. Thwaits was accused of being one of the participants of said Robbery and was a fugitive from the State of California and said affidavit was for the purpose of securing the necessary extradition papers for the said Henry J. Thwaits only.

"/s/ C. J. Bright."

772

fraud in suppressing or concealing from the Court or jury evidence which he knew to be favorable to petitioner's defense.

In the opinion of this Court there is absolutely no merit in petitioner's contention.

Accordingly, the order to show cause is discharged and the application for a writ of habeas corpus is denied.